**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JAMES SCHALLER, a Florida
resident

       Plaintiff,

v.                                        Case No:  2:11-cv-59-FtM-38DNF

YITZHAK WARGOCZ, FINETTE
RUSSAK, CHERYL ORLOWSKI,
JANET L. DILBECK and NICOLE
WEAVER,

       Defendants.
_____/

## AMENDED ORDER[1]

This matter comes before the Court on Agreed Motion for Dismissal of Defendant Dilbeck with Prejudice and Entry of Partial Consent Judgment (Doc. #83) filed on April 24, 2013.  The agreed Motion indicates Plaintiff and Defendant Janet L. Dilbeck stipulate to the dismissal of Defendant Janet L. Dilbeck and request the entry of a partial consent judgment against Defendant Dilbeck.  Defendant Dilbeck has appeared and defended in this action.  See Doc. #72.  Once an Answer or Motion for Summary Judgment has been filed in a case, plaintiff must file a stipulated voluntary dismissal that is signed by all parties to the action in order to dismiss the case. Fed. R. Civ. P. 41(a).  Upon review of the docket, the Court notes that the Stipulation of Voluntary Dismissal

---

[1] The Court's June 17, 2013 Order (Doc. #95) is amended to correct an error in the Ordered clause.  As this Court is deferring ruling on the Agreed Motion for Dismissal of Defendant Dilbeck with Prejudice and Entry of Partial Consent Judgment (Doc. #83), the portion of the Ordered clause which states that the claims and defenses by and between Plaintiff and Defendant Janet L. Dilbeck are dismissed without prejudice and the directions to the Clerk to terminate Defendant Dilbeck, were entered in error.  Thus, these portions of the Court's Ordered clause are amended as stated in this Amended Order.  The body of the Order has not been amended.

(Doc. #83-2) is signed by both parties to the settlement.  The Stipulation states that the "effectiveness of the stipulation is conditional on the Court's entry of an order or judgment granting injunctive relief and retaining jurisdiction to enforce the terms of the injunctive relief." (Id.).

In Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012), the Eleventh Circuit interpreted the United States Supreme Court decision of Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), "to mean that the parties must agree to the district court's order retaining jurisdiction, not that the district court may enter a dismissal order when it would otherwise lack jurisdiction to do so."  677 F.3d at 1280.  Because it is self-executing, a court has no authority to enter an order after a Rule 41(a)(1)(A)(ii) stipulation becomes effective.  677 F.3d at 1280.  Thus, a district court can retain jurisdiction over a settlement agreement in two ways: "either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction."  677 F.3d at 1280.

In this case, the Parties' Stipulation (Doc. #83-1) states that the effectiveness of the stipulation is conditional on the Court's entry of an Order retaining jurisdiction to enforce the terms of the injunctive relief.  The Court is not inclined to retain jurisdiction to enforce the terms of the injunctive relief.  Thus, Plaintiff and Defendant Dilbeck are directed to file a joint notice with the Court informing the Court of their position as to the settlement of their claims given that the Court will not retain jurisdiction to enforce the terms of the injunctive relief.  Until this time, the Court will defer ruling on the Agreed

Motion for Dismissal of Defendant Dilbeck with Prejudice and Entry of Partial Consent Judgment.

Accordingly, it is now

**ORDERED:**

The Court **DEFERS RULING** on Agreed Motion for Dismissal of Defendant Dilbeck with Prejudice and Entry of Partial Consent Judgment (Doc. #83) pending Plaintiff and Defendant Dilbeck's filing of a joint notice informing the Court of their position as to the settlement of their claims given that the Court will not retain jurisdiction to enforce the terms of the injunctive relief.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record